IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Danny McBurnett, | ) | C/A No. 0:13-323-TMC-PJG |
|             Plaintiff, | ) ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security,[1] | ) ) ) | |
|             Defendant. | ) ) ) | |

This social security matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendant's motion pursuant to sentence four of 42 U.S.C. § 405(g) that the Commissioner's decision be reversed and that the case be remanded to the Commissioner for further administrative proceedings. (ECF No. 20.) Plaintiff Danny McBurnett ("McBurnett") responded arguing that for the reasons included in his plaintiff's brief this matter should be remanded for an award of benefits and, alternatively, that this matter should be remanded to an Administrative Law Judge ("ALJ") for further consideration. (ECF No. 21.) The Commissioner did not reply.

In this action, McBurnett argues that the ALJ erred at Step Five of the sequential process. See 20 C.F.R. § 404.1520 (describing the sequential process). Specifically, McBurnett argues that pursuant to the medical-vocational guidelines, located at 20 C.F.R. Part 404, Subpart P, appendix 2 (the "Grids"), he should have been found disabled at age fifty-five, which he reached on May 31, 2011. In support of this position, McBurnett argues that he was unable to perform his past relevant

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.

Page 1 of 4



work, was of advanced age, had no highly transferable skills to other work that he could perform, and was found limited to a reduced range of light work. (See Pl.'s Br. at 16, ECF No. 15 at 16) (citing 20 C.F.R. Pt. 404, Subpt. P, app. 2, §§ 202.04, 202.06). Additionally, McBurnett argues that pursuant to Rule 202.00(d), he is entitled to benefits since his onset date[2] based on the ALJ's finding that McBurnett is limited to no reading or writing.

The Commissioner filed a motion to remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The Commissioner states that she "believes that remand would be appropriate in this case because it warrants further administrative proceeding. On remand, the Appeals Council will further evaluate the case and issue a new decision." (ECF No. 20.) No further specifics are included in the motion and the Commissioner has not otherwise responded to McBurnett's arguments.

Upon review of the record and the parties' arguments, the court finds that it appears to be clear that McBurnett is entitled to benefits beginning May 31, 2011, and that he may be entitled to benefits from his alleged onset date. However, there are apparent ambiguities in the ALJ's decision that prevent the court from definitively making that determination and the ALJ provided no explanation to support his determination that the Grids directed a finding of not disabled. See, e.g., Radford v. Colvin, 734 F.3d 288, 294-95 (4th Cir. 2013) ("Although we hold that the district court did not apply the wrong legal standard, we nonetheless vacate its judgment because it chose the wrong remedy: Rather than 'reversing' the ALJ and remanding with instructions to award benefits

---

[2] The court notes that the ALJ's order indicates an onset date of April 1, 2009, and the record includes letters from McBurnett's counsel suggesting that based on discussions with the ALJ McBurnett agreed to amend the onset date to December 1, 2009. (Compare Tr. 33 with Tr. 25, 147, 229.)



to Radford, the district court should have vacated and remanded with instructions for the ALJ to clarify why Radford did not satisfy Listing 1.04A."); see also Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000) (noting that when the court finds the Commissioner's denial of benefits to be improper, the court's "abundant deference to the ALJ" cautions in favor of remand, and entering an immediate finding of disability is appropriate only if the record "overwhelmingly supports" such a finding); Timmerman v. Comm'r of Soc. Sec., C/A No. 2:07-3745-HFF-RSC, 2009 WL 500604 (D.S.C. Feb. 26, 2009) (observing that factors in deciding whether to remand for consideration of additional evidence or for an award of benefits include: that deference cautions in favor of remand, plaintiff's court submissions include requests that this matter be remanded, and when evidence in the record does not overwhelmingly support a finding of disability).  Accordingly, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative proceedings. Specifically, the Commissioner should address McBurnett's arguments that he is disabled pursuant to the Grids.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 26, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).