IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Danny McBurnett, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:13-323-TMC |
| v. ) | |
| ) | **ORDER** |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. The plaintiff asserts that the Administrative Law Judge's ("ALJ") errors below warrant remand for the payment of benefits. (ECF Nos. 15, 21). The Commissioner, however, has moved this court to remand the case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 20). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the Commissioner's motion. (ECF No. 25). Neither party has filed objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2012. Pursuant to Fed. R. Civ. P. 25(d), Colvin should be substituted for Michael J. Astrue.

adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough and careful review of the record, the court adopts the Report's recommended disposition.[2] The Commissioner's motion to remand (ECF No. 20) is **GRANTED**, and the Commissioner's final decision is vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 9, 2014

---

[2] This court does not, however, make any findings as to the plaintiff's entitlement to benefits (*see* ECF No. 25 p.2), only that the ALJ's decision requires further explanation. *See Radford v. Colvin*, 734 F.3d 288, 294-95 (4th Cir. 2013).